IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY ALLEN SEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-911-WHA |
| ) | [WO] |
| ) | |
| ALA. BD. OF PARDONS AND ) | |
| PAROLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Timothy Allen Sears ["Sears"], an indigent state inmate, filed this 42 U.S.C. § 1983 action in December of 2013. Upon initial review of the complaint, the court determined that Sears should file an amended complaint and issued an order containing detailed instructions with respect to filing of the amended complaint. *Order of December 19, 2013 - Doc. No. 5*. The court "***advised [Sears] that this case will proceed only against the defendants named and claims presented in the amended complaint***" and cautioned Sears that his failure to comply with the order would result in a Recommendation that this case be dismissed. *Id*. at 4 (emphasis in original). To aid Sears in filing the necessary amended complaint, the court directed the Clerk to provide Sears "with a copy of the initial complaint and the form used by prisoners to file civil complaints...." *Id*. The time allowed Sears to file an amended complaint expired on January 24, 2014. *See Order of January 14, 2014*. As of the present date, Sears has failed to file an amended complaint in compliance

with the order entered on January 14, 2014.

In light of Sears' failure to file the requisite amended complaint, the court concludes that the instant cause of action should be dismissed without prejudice. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what her complaint should contain...." ).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as directed by the orders of this court. It is further

ORDERED that on or before February 26, 2014, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in

the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 12th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE